USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/1/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STEPHEN GOLL,

                **Plaintiff,**

   - against -

FIRST TENNESSEE CAPITAL MARKETS,

                **Defendant.**
------------------------------------------------------------x

05 Civ. 7890 (HB)

**OPINION & ORDER**

**Hon. HAROLD BAER, JR., District Judge:**

    On September 8, 2005, Stephen Goll, ("Plaintiff" or "Goll"), filed a complaint against First Tennessee Capital Markets ("Defendant" or "First Tennessee") that alleged breach of an express contract, and in the alternative, entitlement to unpaid compensation pursuant to an unjust enrichment, quantum meruit, or promissory estoppel theory. The Plaintiff subsequently withdrew his promissory estoppel claim and the Defendant has moved for summary judgment. For the reasons set forth below, this motion for summary judgment is granted in part and denied in part.

## I.    BACKGROUND

    The following facts, taken from the Complaint, are undisputed. Goll began employment as a Vice President, Corporate Trading Officer of First Tennessee on April 10, 2000. Prior to beginning employment, Goll received an offer letter from Maureen Wilson, Vice President, Personnel Manager, dated March 20, 2000 that set forth Goll's employment package. The letter stated that he would be guaranteed minimum compensation, when annualized, of $350,000 for the first 12 months of his employment with First Tennessee. The March 20, 2000 offer letter provides, in pertinent part, that:

> The following compensation package will become effective upon your date of hire which will be on April 10, 2000. For your first twelve months of employment, your total guaranteed minimum compensation, when annualized, will be $350,000. Your base salary will be $3,076.92/payday, which is $80,000 when annualized, and your guaranteed draw will be $4,615.38/payday, which is $120,000 when annualized. . . . You will receive a lump sum when incentive payments are made in Jan/Feb. 2001. This lump sum will be for the remaining balance of your annualized guaranteed compensation. This remaining

balance will be $150,000.

Letter from Maureen Wilson, VP Personnel Manager, to Stephen Goll (Mar. 20, 2000).

Goll was fired on January 14, 2005 and contends, pursuant to the terms of the March 20, 2000 offer letter, that he is owed the remainder of his guaranteed compensation for 2004 and the entirety of his compensation package for 2005.[1] Goll began employment with Jeffries & Company on or about February 28, 2005 and earned $325,000 that year.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure Rule 56, the movant on a summary judgment motion must establish that there is no genuine issue of material fact and the undisputed facts are sufficient to warrant judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250 (1986). The party opposing summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A disputed issue of material fact alone is insufficient to deny a motion for summary judgment, the disputed issue must be "material to the outcome of the litigation," Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), and must be backed by evidence that would allow "a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In ruling on a summary judgment motion, the Court resolves all ambiguities and draws all inferences against the moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (*per curiam*); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987).

## III. DISCUSSION

*1. Breach of Contract Claim*

Under New York law, a breach of contract cause of action requires that the moving party demonstrate: 1) a contract, 2) performance by one party, 3) breach by another party, and 4) damages. First Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168 (2d Cir. 1998). Plaintiff has failed to establish that a valid contract exists here.

The Plaintiff contends that the March 20, 2000 offer letter constitutes an express contract that guaranteed him minimum compensation plus a lump sum incentive payment during his entire employment with First Tennessee. I disagree.

---

[1] Goll received a salary until February 4, 2005.

2

It is undisputed that the Plaintiff was an at-will-employee, and therefore, could be fired at any time, for any reason. Lobosco v. N.Y. Tel. Co./NYNEX, 96 N.Y.2d 312, 316 (N.Y. 2001). His employment contract, signed by him, provides, in pertinent part, that:

> Notwithstanding any other statement to the contrary, whether written or verbal, I understand and agree that, if hired, my employment is for no definite period of time and, regardless of the date or frequency of payment of my wages or salary, may be terminated at any time, with or without prior notice, with or without cause, at the option of First Tennessee or me.

Stephen Goll Employment Contract (April 10, 2000). Further, the March 20, 2000 offer letter unambiguously provides that "this letter, of course, does not represent an employment contract for any definite period, but acts only to summarize the compensation offered to you." The clear language of the letter limits the compensation package set forth therein to the first year of Goll's employment.

> The following compensation package will become effective upon your date of hire which will be on April 10, 2000. *For your first twelve months of employment*, your total guaranteed minimum compensation, when annualized, will be $350,000.

Letter from Maureen Wilson, VP Personnel Manager, to Stephen Goll (Mar. 20, 2000) (emphasis added). There is no other writing that guarantees the Plaintiff compensation past the first twelve months of employment. See Stephen Goll Deposition ("Goll Depo.") at 25:7-21.

Further, there was no evidence of an oral agreement that guaranteed the Plaintiff minimum compensation. Plaintiff never initiated any conversation with senior management with regard to his compensation. He also admits numerous times that no one at First Tennessee used the word "guarantee" in connection with his annual compensation after his first year of employment. See, e.g., Goll Depo. at 44:5-45:10, 46:10-47:9; 49:25-50:7. Thus, for the reasons set forth above, his claim that First Tennessee breached an express contract to provide him with a guaranteed compensation package in 2004 and 2005 is unavailing.

In their motion papers and at oral argument, Plaintiff also argued that an implied-in-fact contract was established from the course of dealing between the parties. Since the Plaintiff failed to bring a cause of action for breach of an implied contract, I cannot consider this claim.

*2. Unjust Enrichment and Quantum Meruit Claims*

As is the case here, unjust enrichment and quantum meruit claims only apply when there

3

is not an express agreement between the parties. See, e.g., Phansalkar v. Weinroth & Co., 2002 WL 1402297, *14 (S.D.N.Y. 2002). Under New York law, these two claims are analyzed together as a quasi-contract claim. Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175 (2d Cir. 2005); See also Seiden Assoc., Inc. v. ANC Holdings, Inc., 768 F.Supp. 89, 96 (S.D.N.Y. 1991) (stating that "unjust enrichment is a required element for an implied-in-law, or quasi contract, and quantum meruit, meaning 'as much as he deserves,' is one measure of liability for the breach of such a contract."), rev'd on other grounds, 959 F.2d 425 (2d Cir. 1992).

Unjust enrichment is a prerequisite for any quasi-contract claim. Id. To establish a claim for unjust enrichment, the plaintiff must demonstrate that the defendant was enriched at plaintiff's expense and equity and good conscience militate against permitting the defendant to retain that money. Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004). Goll received $20,665.50 for his work in 2005. He has failed to present evidence that he performed work of such caliber and value to First Tennessee that equity demands he receive more money for his 14 days of work in 2005. In fact, although Plaintiff was terminated on January 14, 2005, First Tennessee paid Goll a salary until February 4, 2005. As a result, I find that equity would not be served by awarding Plaintiff additional compensation for 2005.

However, the analysis differs with regard to his compensation in 2004. Based on the record, it is unclear whether the $230,000 payment Plaintiff argues is owed to him for work completed in 2004 was a bonus – given at the discretion of First Tennessee, part of his compensation package, or a combination of both discretionary and guaranteed income. It is undisputed that Goll was paid a non-discretionary $150,000 lump sum payment as part of his total compensation package at the beginning of 2001. Thereafter, Defendant asserts that Goll was paid a discretionary bonus in 2002, 2003 while Goll contends that he received a lump sum payment that was part and parcel of his compensation package in 2002 and 2003.[2] As a result of the dispute between the parties with regard to what portion of the Plaintiff's income constituted a lump sum and/or bonus payment, I find that the unjust enrichment and quantum meruit claims that concern Plaintiff's compensation in 2004 cannot be decided on a motion for summary judgment. Cf. Mirchel v. RMJ Sec. Corp., 613 N.Y.S.2d 876, 878 (N.Y. 1994) (internal citation

---

[2] The Defendant acknowledges that a bonus / incentive payment is distinct from a lump sum payment. See Maureen Wilson, Vice President, Personnel Manager, First Tennessee, Deposition at 19:12-22.

4

omitted) (stating that "whether unpaid 'incentive compensation' under a defendant's bonus plan constitutes a discretionary 'bonus' or 'earned wages' not subject to forfeiture is an issue of fact.").

## IV. CONCLUSION

In sum, the motion for summary judgment is granted with regard to the breach of an express contract claim as well as the unjust enrichment and quantum meruit claims for 2005, but denied with regard to the equitable claims that concern Plaintiff's compensation in 2004. This is an equitable cause of action and thus will come before me without a jury. The trial will commence on September 18, 2006. The Clerk of the Court is instructed to close this motion and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**August 1, 2006**

_____
U.S.D.J.